YOUR NAME Jane Rocio Evans
YOUR ADDRESS P.O. Box 424886, San Francisco, CA 94142
YOUR TELEPHONE NUMBER (415) 336-3547

08 FEB 19 PM 3:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Must start on line 8 or below)

Jane Rocio Evans
P.O. Box 424886
San Francisco, CA. 94142

-v-

Logan Heights Family Health Center
1809 National Avenue
San Diego, CA 92113

'08 CV 0315 DMS LSP

Case No.______________________
(To be assigned at time of filing)

COMPLAINT FOR (Brief description of document)

Plaintiff alleges:

Employment Discrimination — racially based, I am Mexican, from Defendant. Defendant locked me out of work — had unlawful termination of me, gave no written business reason on termination letter. Defendant's Supervisor mailed a card in which she stated that she could not give me a professional job reference due to my "being hostile to co-workers." Slander. No verbal warning was given for this so called hostility at the time by Defendant. Disciplinary Policy violated. Suffered racial harassment by co-workers, which was never investigated by Human Resource Director of Defendant. Reputation slandered by Defendant. Co-worker Norma Lopez (Mexican) Discriminatory set. Ms. Lopez was unlawfully terminated due to whistle blowing on Supervisor's Medi-CAL Fraud & Discriminatory behavior. Co-worker Anka Gleter threatened with termination for whistle blowing. Reported matter to Equal Employment Opportunity Commission in Dec 2002, but EEOC grossly neglected to do legal duty & did not take [illegible] investigation



CR

February 15, 2008

To Superior Court of California, San Diego, Complaint

Regarding Jane Rocio Evans vs. Logan Heights Family Health Center

I was Locked out of this Company on October 11, 2002. Defendant violated their disciplinary Policy by not giving me a verbal warning concerning their business reason as to why they were Locking me out and Terminating my employment. I had never had a verbal warning or any write-ups, to my knowledge, which the Human Resources Director communicated to me of, before the Lockout occurred.
Defendant never gave me a businesses reason, either verbally or in writing in their Termination letter, at the time of the Lockout, despite my writing them 3 letters to request this business reason. Defendant's Supervisor who hired me and authorized my Termination and Lockout, Diane Coming, sent a card in the mail in which she stated that she could not give me a professional reference, due to my having been 'hostile to other co-workers.' Ms. Coming did not give the specifics of what she meant by this hostility, at a later date when I wrote her a letter requesting these specifics, in the Fall of 2002. 2 Caucasian co-workers racially harassed me and were hostile to me during my employment at Defendant's Company. I have reasonable cause to believe that Caucasian co-worker Anne Leffington, was treated better, and in a preferential manner by Defendant's Supervisors by receiving a professional work reference. Ms. Leffinton had a similar job title and similar job duties as I did. Ms. Leffington treated me in a hostile manner by giving the impression to Supervisors that I had hindered her or 'prevented her from completing one of her Presentations at a clinical group supervision meeting." This is slander, and there are witnesses who attended this meeting who can verify that this did not occur. Gary Landreth at the University of Texas is a witness to some of this. I communicated my concerns to him at a Play Therapy Conference in Portland Oregon, which Defendant's company paid for me to go to.

I asked Ms. Leffington for a meeting to resolve her concerns and she refused to meet with me. At the time, none of Defendant's Supervisors called for an investigation from Human Resources into Ms. Leffinton's Title VII civil rights violations.

Caucasian co-worker Susan Kurtz racially harassed me and acted in a hostile manner towards me. Her civil rights violations were also not investigated by the HR director at the time, as Defendant's Supervisors did not call for an investigation. They thus intentionally neglected to do their legal duty. As Supervisors it is part of their role to communicate this to the HR Director and to call for an investigation. Ms. Coming communicated to me that Ms. Kurtz had told her that I had 'purposely locked her out of the Playroom at Sherman Elementary School and had withheld keys from her." This is intentional slander. I had never locked Ms. Kurtz out or taken any keys from her. Ms. Coming never called for a meeting with myself, Ms. Kurtz and Supervisors in order to address or attempt conflict resolution on this matter.

Jane Rocio Evans, MFT

My Lockout was additional Retaliation for my having telephoned CAMFT, California Association of Marriage, Family Therapists in September 2002, to communicate to the legal unit there that I was having serious concerns about Defendant's Supervisor's decision to authorize co-worker Genoveva Avalos Mireles to audit and evaluate my Medi-Cal charts. Genoveva had the same Job Title and similar job duties, was not a Supervisor. I communicated that I had telephoned CAMFT and had concerns about this to Defendant Supervisor, Yvonne Bentle (Caucasian). I have reasonable suspicion to believe that Ms. Bentley's decision to audit these charts was Discriminatory, and that is why she was exploiting Genoveva by ordering her to audit and evaluate these charts. My Lockout occurred about less than one month after I communicated CAMFT concerns to Ms. Bentle.

Additional sets to Discrimination from Defendant include Norma Lopez, Mexican, who was Terminated for Whistle blowing to Mexican Parents that Supervisor Eleanor Kreyling was forging the signatures (Medi-Cal Fraud) of these parents on Parental Consent forms. The forms when signed by parents, gave permission for their children to be in therapy at this Company. Co-worker Anka Gleber, Ph.D., is a witness to these events. I have a letter, which Ms. Gleber wrote, which explains in more detail this discrimination, not only towards Ms. Lopez but also towards these parents.

Additional sets to Discrimination from Defendant: Mexican American co-worker Luis Morales. According to witness Eliza Mendez, Luis was told to take on about 3 additional sites or schools in 2002. I witnessed Luis being driven to tears by his harassment from Defendant, during a meeting. There is reasonable cause to believe that this coerced taking on of extra sites, was Retaliation on the part of Defendant for Mr. Luis having circulated a petition, which I had signed, which called for an investigation around the events surrounding the so called 'Lay Off,' of Mexican Manager Adela. Co-workers were upset that Security had been called on Adela on her last day of work. Despite this, Defendant also called Security on me unnecessarily during the day of my Lockout. I experienced this as distressing, and have reason to believe that this was also distressing to my co-workers who witnessed this Lockout, Esther, Osiris Leon and Susan Kurtz. These co-workers witnessed that the Human Resources manager was not on site during the day of my Lockout.

Ms. Coming had stated that "Adela' could have been transferred to another branch of the company instead of being laid off."

Additional sets to Discrimination and Retaliation: Anka Gleber. Supervisor Eleanor Kreyling threatened and intimidated Ms. Gleber with Threats of Termination. She communicated to Ms. Gleber,'You know, Anka, it's not that easy to fire somebody around here." She also rolled her eyes around Ms. Gleber and thus treated her in a disrespectful manner. This Retaliation occurred after Ms. Gleber went to the HR Director to request being transferred to another branch due to Ms. Kreyling's incompetence.

Ms. Kreyling defamed and slandered my reputation to Latina Supervisor Evelina Jaimez by telling her that,"Ms. Evans is a troublemaker."

Complaint

Jane Rocio Evans, MFT
2-15-08, Page 2
Attn: Superior Court, San Diego
Evans vs. Logan Height
Family Health Cntr

Additional retaliation occurred from Nora Cole, Diane Coming and Yvonne Bentle, in the form of a meeting where I was harassed by these 3 supervisors. Ms. Eliza Mendez is a witness that this meeting occurred. Ms. Mendez advised me,' do not say anything at this meeting,' before I went in. Ms. Mendez communicated to me that she was surprised that 'they didn't fire you at this meeting."

Further Retaliation occurred from Ms. Bentle in 2002. She gave me a letter in which she communicated to me that' you have the option of transferring to another program besides mine if you want to." I experienced this letter as hostile and felt hurt by it.

Harm occurred from this Lockout in that I was not able to procure employment for a year afterwards, even though I was actively looking. I endured having to live in a crime-ridden neighborhood at the YMCA because of this. I also endured serious stalking from my apartment Manager before I moved into the YMCA. There are clinical records that document this Stalking. I felt I had to endure this stalking, as I did not have the financial resources to move out of my apartment, due to the Lockout. This Manager stole my ring, my underwear, tied up the blinds strings in knots, left matches and severely harassed me. I filed a restraining Order on him and the case went to Court.

I also suffered my mail being opened by Defendant's company. I received a letter from my Loan Company opened and forwarded by defendant after the Lockout. I also had a book which was mailed to me by a Sandplay Therapist go missing. I reported this opening of mail by Defendant, in writing, to the Post Office.

I suffered harm, as I did not have enough money to afford Public Transportation and had to walk for hours in the hot sun. I also had to go to the Catholic Charities Food Bank, as I did not have enough to eat. I could not afford drinking water at times. My loss of this employment is profound, as I felt connected to my co-workers there and this was a most appropriate employment placement for me.

Ms. Cole also audited Ms. Gleber unnecessarily while she was at one of the school sites. Ms. Gleber communicated to me that school personnel told Ms. Gleber that Ms. Cole had been looking into her files while Ms. Gleber was not there. This unnecessary auditing was Retaliation from Defendant.

My contributions and the results of my productivity to Defendant's organization are undeniable. I exceeded expectations and gave around 8 Presentations to clinical staff. I created the curriculum to a Domestic Violence group for children for 8 months. It was well attended. I established good working relations with the Sherman Community Center. I also established good relations with a Latina Residential treatment Facility, in which I created a domestic violence group for women, which was well attended.

I completed many Domestic Violence intakes for men in Ms. Coming's program. I assisted in ordering toy supplies and setting up toys in playrooms at 2 schools for the children.

Respectfully, Jane Rocio Evans, MFT
Ms. Jane Rocio Evans, Licensed Marriage, Family Therapist
2-15-08, Page 3 Complaint
Attn: Superior Court, San Diego
Evans vs. Logan Heights Family Health Center

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Jane R. Evans
P. O. Box 424886
San Francisco, CA 94142

From: San Diego Local Office
401 B Street
Suite 510
San Diego, CA 92101

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 488-2007-00749 | Roger A. Owen, Investigator | (619) 557-7283 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

Raul G. Green,
Intake Supervisor

11/23/2007
*(Date Mailed)*

Enclosures(s)

cc: LOGAN HEIGHTS FAMILY HEALTH CENTER
1809 National Avenue
San Diego, CA 92113

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 488-2007-00749

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jane Rocio Evans | (415) 336-3547 | 05-26-1962 |

Street Address / City, State and ZIP Code

P. O. Box 424886, San Francisco, CA 94142

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LOGAN HEIGHTS FAMILY HEALTH CENTER | 201 - 500 | (619) 234-8171 |

Street Address / City, State and ZIP Code

1809 National Avenue, San Diego, CA 92113

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 09/01/2001 | 10-11-2002 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

1. I began working for the Logan Heights Family Health Center on or about May 27, 2000 as an MFT Intern/Therapist.

On or about October 11, 2002, I was escorted off the premises and "locked out" of my job by my supervisors, Diane Coming and Yvonne Bentle. The 'lock-out' was Retaliation from Ms. Coming and Ms. Bentle for calling California Association of Marriage, Family Therapists. I believe this was due to retaliation because of me participating in someone else's complaint in June 2000 by signing a petition with co-worker, Luis Morales, for the unfair treatment of Mexican co-worker, Adela; for her being unjustly laid off work for illegal reasons and also Adelia's racially discriminatory treatment by Supervisors.

Additional Retaliation occurred in Winter 2003 by these Supervisors for an investigation of me by San Diego Mental Health personnel. These personnel investigated me for Fraud and communicated to me that my "charts from this company were going to be thoroughly audited." This occurred a few months after I complained in writing about illegal and unethical conduct of these Supervisors.

Retaliation in the form of HR Director, who is White, Black listed and defamed me and racially harassed me by giving me a negative reference to the Dir. of the San Ysidro Mental Health Center. This occurred around March 2003. Of course, I did not get the job.

Retaliation by Diane Coming is in the form of a card she sent by mail refusing to give me a professional reference, her business being "because you have been hostile to co-workers."

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X 10-10-07 Jane Rocio Evans MFT

Date Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

15

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s): 488-2007-00749

State or local Agency, if any — and EEOC

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Further Retaliation from Ms. Bentle by a letter she gave me around June 2002 in which she told me " I had the option of going to another program besides hers if I wanted to."

Additional Retaliation came from Supervisors Coming, Bentle and Nora, in the form of a Meeting where I was harassed by these 3 supervisor, who all met at once with me to investigate me, about a month before I was Locked out in October 2002.

Norma Lopez is a set to this discrimination. She is Latina and she was terminated for whistle blowing on Supervisor Eleanor Kreyling, who is White. Ms. Lopez whistleblowed that Ms. Kreyling was illegally forging the signatures of Latino immigrant monolingual Spanish speaking parents on Medi-Cal forms, specifically Consent for minor children to enter therapy treatment forms. Ms. Kreyling was thus committing medi-cal Fraud and that there is another witness to this besides Ms. Lopez.

Luis Morales, Latino, was racially harassed by program Coordinator Nora and Supervisor Diane Coming, who are both Caucasian, by being pushed and coerced into adding several school sites to his work caseload, illegally, as this was not the agreement he had entered into when he was first hired by Logan Counseling Center. He was driven to tears by this and felt he was thus forced to resign from Logan Counseling Center. There are witnesses to this.

Adela was unnecessarily escorted off the premises by Security on her last day of work and this was distressing to her co-workers, as she is a Manager. Supervisor Diane Coming authorized her being escorted by Security.

A Security Officer unnecessarily escorted me off the premises, after Luis Morales had complained in writing about this civil rights violation of Latina co-worker Adela being escorted by Security, to Supervisors Diane Coming and Nora.

Anka Gleber was discriminated against by Supervisor Kreyling threatening and intimidating her with termination. Ms. Gleber was also unnecessarily audited by Supervisor Nora, who audited her charts/files, searching for medi-cal fraud, in order to find evidence to terminate her. Ms. Gleber was unnecessarily audited, as well as me, by Supervisor Nora, who is White.

Ms Kreyling defamed and slandered my professional reputation to Latina Supervisor Evelina Jaimez by telling her that "Ms. Evans is a Troublemaker."

Ms. Coming, Ms. Bentle and Nora violated Logan's disciplinary policy by authorizing my termination and lockout from Logan when I did not have even a verbal warning on my employment performance record. Ms. Bentle did not investigate, using the proper legal channels and process as regards to the investigation of a civil rights violation, that co-worker Ann Leffington, who is White, intentionally slandered my professional reputation by stating that I had hindered her from completing a Play Therapy Presentation. A meeting did not take place with Ms. Bentle regarding this. Ms. Leffington refused a meeting with me to resolve this slander. I initiated this meeting, for purposes of conflict resolution and better working relations with Ms. Leffington. There are witnesses to this.

2. I believe that I have been discriminated against because of my national origin (Mexican) and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X 10-10-07 X [signature] MFT

*Date* *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

August 17, 2007

To Joyce Cooper, Director
Equal Employment Opportunity Commission
Wells Fargo Bank Building
401 B Street, Suite 510
San Diego, CA 92101
Letter sent via Certified mail,
Return receipt requested on August 17, 2007 to Ms. Joyce Cooper.

I am submitting with this letter and my employment Performance reviews from Logan Heights family Health center, dated September 13, May and my last job evaluation from about June 2002.

I am submitting as evidence Verification of enrollment forms and final grade reports from U.C. San Diego Extension Studies, Play Therapy Certificate program. I received A's in most of these courses. This is evidence that I have an excellent Play Therapy training background, as U.C. S. D. is rated 7th in the United States in terms of excellence in education. It shows my initiative and motivation in terms of providing excellent care as a Play Therapist for the children clients of Logan heights Family Counseling center. It was also communicated to me during my job tenure there by Supervisor, Diane Coming.' You are the lead EPTSD clinician, because you take these Play Therapy courses." Most of the other therapists there were not taking these courses. I paid for most of these courses out of my own pocket, except for the course in September 2002, which Family Health Center (FHC) Company paid for me. I took this course about one month before I was Locked out of FHC, on October 11, 2002.

I am also submitting a most important letter dated January 25, 2007 from Anke Gleber, PH.D., MFT. In this letter she describes Norma Lopez, a Mexican employee, how Ms. Lopez was Terminated from FHC due to whistle blowing on Fraud and forgery of Supervisor Eleanor Kreyling. Ms. Lopez's motive was to protect the safety and welfare of Mexican Barrio Logan children clients and their families. Please feel free to contact Ms. Lopez and Ms. Gleber as witnesses. I have provided their phone numbers in my EEOC claim application form.
Also, please feel free to contact Walter D. Rutherford, MFT, Vice president of California Marriage Family therapist Ethics Committee, San Diego. He is an important witness as regards this case. His phone number is: 858) 442-6472. His e-mail is WalterDR @aol.com. I related to him the specifics of this case in September of 2003. By this time, I had written and filed a formal written complaint to CAMFT Ethics Committee. Please see enclosed my letter from March 18, 2003, to CAMFT. I claimed that Supervisors Diane Coming and Yvonne Bentle had violated CAMFT Ethical regulations by Locking me out of FHC before I had a chance to do clinical Termination with these children, some of whom I had worked with for two years. CAMFT refused to assist me in this matter at this time. They sent a letter in which one of the CAMFT members named Diane Coming as 'an unethical person," but said that she was not registered with CAMFT, but Ms. Yvonne Bentle was. Co-worker and Mexican American Therapist Luz Maria encouraged me to complain to CAMFT, stating that in her judgment Ms. Bentle had definitely violated a CAMFT regulation concerning client abandonment. This is also

Jane Rocio Evans, MFT

additional racial discrimination, towards these children clients by Ms. Bentle and Ms. Coming, who authorized the decision to terminate me and Lock me out of FHC.

Mr. Rutherford communicated to me during 2003, that the members on the CAMFT Ethics Committee Board were 'nearly all Caucasian,' and that they were 'wimpy,' concerning this matter.

Also enclosed with this letter: Productivity logs in the form of Attendance sheets from the women's Domestic Violence Support group I facilitated. I created this curriculum. The Director of this Latina women's Substance Abuse residential treatment facility communicated to Ms. Bentle:'The women look forward to Ms. Evans coming to facilitate this group." Ms Bentle communicated this to me shortly before I was locked out of FHC. Co-worker Eliza Mendoza is also an important witness as regards the excellence of my work with the women in this group. FHC was receiving about $15 per client for each of these client signatures.

I am also enclosing a note from a dream I had in December 29, 2005, regarding FHC. This dream shows symptoms of Posttraumatic Stress Disorder. I consulted with a PTSD expert and he told me that an employee with a high position who had been in the organization a long time was more likely to develop PTSD symptoms from being terminated from a Job. I had a high position as a Therapist and I was employed for approximately 2 and a half years. I suffered PTSD and severe depression from being locked out of FHC and have many diary entries documenting this. I had bonded with employees there. This was a big and profound loss for me. I was very enthused about my work at FHC and had given about 10 Presentations and had facilitated groups on my own initiative, including a group for children who had witnessed domestic violence in the Barrio. It was a huge shock and I was very confused as to why I had been Locked out at the time. I suffered homelessness as a result and at one point had to move into the YMCA. I also endured stalking from my apartment manager for months because I could not afford to move somewhere else due to unemployment from FHC. I also had much difficulty finding a home for my beloved cat, marshmallow, at the time.

Enclosing with this letter: My Family Health Centers of San Diego W-2 wage statement for 2002, along with a paycheck stub which shows my pay rate to be that of $20.60 cents an hour. I received pay increases on a yearly basis since I became employed with FHC in 2000.

Enclosed: Legal documents from Board of Behavioral Sciences website, including Anke Gleber, which shows she is a Licensed MFT-Marriage, Family Therapist. Verification that I am now a Licensed MFT, but also a legal document which shows that while at FHC I was an MFT Intern, as I passed my MFT exam around June 4rth, 2004. Legal verification that Mexican American Co-worker Osiris Leon is an MFT Intern, and legal verification that Caucasian Co-worker Susan Catherine Kurtz was an MFT Intern at the time she was my co-worker at FHC.

Ms. Kurtz was treated better than the other co-workers at the EPSDT program at FHC. Supervisor Yvonne Bentle intentionally and falsely represented her at the time as a Licensed MFT. This was my understanding when I attempted to file a claim with the San Diego EEOC around December 2002. It was communicated to me at the time that my claim could not go through because Ms. Kurtz was in a different and higher category Title than myself, as Ms. Kurtz was a Licensed Therapist. It was only later that I accidentally discovered via a computer search that Ms. Kurtz had falsely and intentionally misrepresented her Title to me and to her other co-workers. Ms. Bentle and Ms. Kurtz had even gone so far as to lie and say that Ms. Kurtz had gotten her professional therapists License in another state, but that since California was so short of licensed therapists, the BBS had given her approval to represent herself as a licensed therapist without Ms. Kurtz yet taking the California MFT exam.

Jane Rosario Evans, MFT

Upon discovery of this new information, I called the EEOC again, in order to file this charge. As I am living in San Francisco at this time, I am requesting to schedule a phone interview with one of the EEOC investigators there and then to sign the Charge by having it mailed to my P.O. Box address first and then to mail it back, signed. I would truly appreciate this. My P.O. Box address is: P.O. Box 424886, san Francisco, CA 94142. E-mail: rocioevans@yahoo.com, Telephone: 415) 336-3547.

I do not wish Meditation with this company and am calling for a very serious, through investigation into this matter.

Please look up my records concerning this case. I submitted at the time in 2002 an important piece of evidence in the form of a card that Ms. Diane Coming had sent me, in which she refused to give a professional job reference for me, claiming that, "You were hostile to other co-workers." I am naming this as racial harassment and discrimination from Ms. Coming, who was also my other Supervisor, as I was in 2 programs while at FHC, and she supervised one of them. To my understanding, Ms. Coming and Ms. Bentle gave a reference for Caucasian co-worker Ann Leffington, who had the same job title and job duties, Therapist/MFT Intern while she was a t FHC. Ms. Leffington behaved in a hostile manner towards me and complained to Ms. Coming that I had prevented her from finishing a Presentation she was giving on Play Therapy. I had communicated to Ms. Coming at the time that this was completely untrue. The co-workers present at this Presentation, Osiris Leon, Genoveva, are witnesses to this. I initated a conflict resolution meeting with Ms. Leffington, in order to resolve this matter, but she refused to attend this meeting. Ms. Coming was aware that I had not been hostile to Ms. Leffington. FHC gave me funds to attend a Play Therapy Conference in Portland Oregon in the fall of 2001. During this Conference I spoke with Play Therapist Gary Landreth from the University of Texas. He is a witness that I was not hostile to Ms. Leffington during her Presentation.

Ms. Kurtz was racially harassing me by slandering me to Ms. Coming and telling her that I had locked her out of the Play Therapy room at Sherman Elementary School and had hidden the room keys from her. This is completely false slander, discrimination and hostility from Ms. Kurtz towards me. This never happened. I gave Ms. Coming my side of the story with this, but Ms. Coming never had a meeting with her, Ms. Kurtz and myself in order to resolve this. Ms. Coming never initiated an investigation into this matter while I was at FHC.

Enclosed as well: Certificate of Attendance: Family Law issues in Domestic Violence Court, date: August 25, 2000, and Certificate of attendance in the 5th International conference on Family Violence, date: Sept 2000, which FHC paid for me to attend.

Enclosed: My Certificate in Expressive Arts Therapies from John F. Kennedy University

My Transcripts for grades from John F. Kennedy University, which show an excellent G.P.A.

I wish to state that the same Supervisors treated my co-worker Luis Morales, who is Mexican American and had a similar job title as a therapist and MFT Intern while I was at FHC, similarly in a racially discriminatory manner. He felt forced to resign due to Supervisors forcing him and pushing him to take on about 4 new school sites, according to witness Eliza Mendoza. I saw him break out in tears at one point during a meeting.

It is my understanding that Mr. Morales was retaliated against by these Supervisors and also by Caucasian Coordinator Nora, in response for Mr. Morales initiating a written Petition, which I also signed around June 2000. This Petition called for an investigation into the so called "Layoff" or to my understanding Termination of Mexican coordinator Adela. Adela was escorted out of her office by Security unnecessarily during her last day of work, and thus

Jane Rocio Evans MFT

suffered unnecessary racial discrimination. Caucasian Co-worker Nora replaced her. My understanding is that Diane Coming was racially harassing Adela before her lay off. Ms. Coming did not advocate for Adela to be transferred to another FHC Facility, as this is a large organization. The business reason given for Adela's lay off, to my understanding, is that she did not have a Masters in Psychology or a related field. However, she was hired without one and under that type of agreement.

I am claiming retaliation on the part of Ms. Coming and Ms. Bentle and Nora, in response to my having reported Ms. Coming and Ms. Bentle to the Board of Behavioral Sciences and to CAMFT after I was Locked out. I had a strange phone call from a woman in Mental Health Services in San Diego who wanted to meet at a Starbucks and did not give me the purpose of the meeting. During the meeting, she and another investigator investigated me regarding FHC and told me that" all of my clinical files and clinical work was going to be audited and looked at." It is my understanding that these Supervisors initiated this investigation of me and this surveillance of me. During this meeting, I was asked if I had forged the signatures of clients at FHC. I answered that I had never done this. My understanding is that these Supervisors had accused me of Fraud without just cause in retaliation for complaining about them to CAMFT and to the BBS.

Further Retaliation occurred from the FHC Human Services Director, who blacklisted and defamed me to the San Ysidro Health Center Director during Spring 2003. The Logan Caucasian Director intentionally and in a racially discriminatory manner gave a negative reference to the San Ysidro Director. I was not hired for an important full time Mental Health Position.

I appreciate very much your worker Jorge calling me. Again, it is most important that you review my old file from 2002. I was in two programs at FHC at the time of my employment with them, and my understanding is that an EEOC assessment was missed regarding the program, which Diane Coming is Supervisor of, and the better or worse treatment given to my former co-workers there.

Respectfully,

Jane Rocio Evans, MFT

Ms. Jane Rocio Evans, MFT

Letter sent via Certified mail, return receipt rested on December 22, 2007

To Joyce Cooper, Director and Raul Green, intake Director at
Equal employment Opportunity Commission,
401 B Street, suite 510
San Diego, CA 92101
Jane Rocio Evans v. Logan Heights Family Health center
Charge#: 488200700749

Page 1

I am resubmitting the letter I mailed addressed to Joyce Cooper on August 17, 2007. I requested at the time that the EEOC investigator assigned to my case telephone me in order to discuss the case. I only recently received a phone voice mail message from Mr. Raul Green this Monday, December 17, 2007, nearly 4 months later. Since the August 17,2007 letter was sent via Certified mail, I have the united States postal Website track and confirm printout, a legal document, which verifies that Ms. Cooper did indeed received this letter. I am submitting with this present letter a copy of the fax I sent Mr. Green on December 19, 2007 in which I requested that our communication be through e-mail. I am still requesting and insisting on this communication, but am concerned about the lateness and untimeliness of this phone call from Mr. Green.

Although I appreciate the san Diego EEOc's diligence and patience with me in the thoroughness and accuracy of filing the Charge on Logan heights Family Health center and the letter to sue signed on November 23, 2007 which validates that racial discrimination and Retaliation did occur on the part of this organization, I am requesting and insisting that the San Diego EEOC reopen this case/charge. I am requesting and insisting on a Formal request for a Formal Reconsideration of this matter. In the letter I mailed on August 17, 2007, I stated arguments and I brought forward information for this reconsideration. The letter to sue I received on Nov 23, 2007 states that the EEOC is closing its file because my charge was not timely filed with the EEOC. Thus, my understanding is that the case was not investigated.

My letter dated august 17, 2007 makes strong arguments for the timeliness of the Charge. I waited one month for an appointment with an EEOC intake worker during the Fall of 2002, when the Lockout/termination from Logan heights Family Health center occurred. I presented for a two hour intake appointment around December 2002. Since my Lockout from Logan company occurred on October 11, 2002, my request for a Charge to be filed with the EEOC was completed on a timely basis. Therefore the letter to sue I received on November 23, 2007 is incorrect. To my understanding, I have not violated any statue of Limitations, as it is the error of the EEOC intake worker and the supervisor they consulted with during this intake at the time that my Charge was not taken and investigated in a timely manner.

I am requesting and insisting that this Charge be reopened for purposes that the EEOC seriously and thoroughly investigating this matter. A through and serious investigation, with time and care given to it, is warranted, due to the allegations of Fraud brought forward by witness Anke Gleber, who has the evidence of this fraud from Logan Company Eleanor Kreyling in her possession.

Jane Rocio Evans, MFT

Page 2. Letter sent via Certified mail, return receipt requested on January 22, 2007 to Joyce Cooper and Raul Green, San Diego Equal Employment Opportunity Commission. Charge #: 488200700749

I am resubmitting her letter with this letter for your review. Due to Discrimination people involved in this case, Norma Lopez, Mexican employee Luis Morales as well as Mexican American employee Genoveva, and Mexican Manager Adela, an investigation of this matter is most warranted. The Fraud and discrimination allegations to this case are also of a very serious nature, and include minor Mexican children and Mexican monolingual parents, whose rights have been violated and who have suffered discrimination from this Supervisor.

I also wish to clear up my professional reputation in this matter. I am hoping that what part of this investigation may accomplish is to uncover the slander and racial discrimination from Sue Kurtz and Anne Leffington, Caucasian employees. I am alleging that my lockout had much to do with their discrimination, a reasonable suspicion on my part. This needs to be investigated so that the chances of this happening to the next employee are reduced.

I met with Equal Employment Opportunity Commission Supervisor Michelle Nardella on December 19, 2007. She recommended that I ask for a Formal Reconsideration and that I bring forward information for reconsideration. I communicated to her that I had already brought forward this information via Certified mail last August 2007, to the San Diego EEOC.

To my understanding, since this is completely the error of the San Diego EEOC as I brought my Charge to be filed on a timely basis, including bringing supporting documentation w with me to the intake interview, including the Logan Termination letter dated October 11, 2007 and the card mailed to me by Supervisor Diane Coming stating that she could not give me a professional reference due to my "being hostile to other co-workers,' it is completely reasonable for this case to be reopened, in order that a serious investigation may take place regarding this matter. Again, I was not given informed consent around December 2002 that I could appeal the EEOC's decision not to take the Charge and investigate it, therefore I remained completely unaware and uninformed concerning my legal rights in the matter. I had never been to any EEOC office before in my life at the time. This can be verified through the Computer.

I asked EEOC personnel on December to review my case via the computer. It was communicated to me that my case/Charge was listed as 'currently in Enforcement.' On October 2, 2007, there had been "changes in addition to the Charge.' It was communicated to me at the time by San Francisco EEOC personnel that asking for communication from Raul Green , Roger Owen or any other San Diego EEOC personnel "is appropriate.'

Ms. Nardella communicated to me that the Charge/case had been closed out for non-jurisdiction. I am upset that this matter was decided without my request for communication between myself and Mr. Green being attended to on a timely basis, or before the letter to sue was issued on Nov 23, 2007.

Also, I requested in writing that a record of my having presented at the EEOC office on Dec 2002puted on the computer, and this has not occurred. In addition, I requested that the records, including the notes the intake worker took at this 2 hour meeting be sent to me and I have not yet received these. I requested the termination letter

Jane Rocio Evans MFT

and the copy of the card from Ms. Coming that the intake worker took. I am again requesting and insisting these records for the second time, again in writing. Please mail these records via Certified mail to me to ensure that I have received.

Page 3. Letter sent via Certified mail, return receipt requested on January 22, 2007 to Raul Green and Joyce Cooper, San Diego Equal Employment Opportunity Commission. Charge#: 488200700749

I am also requesting and insisting on an investigation of the errors that occurred in 2002 to be made both by the San Diego EEOC and by the Los Angeles EEOC branch. Please mail me the records and the results of this investigation by January 10, 2008. Please send the written records and results of this investigation by certified mail as well, to ensure I receive these.

Again, I am taking this case most seriously, particularly since I suffered serious harm and Retaliation , in particularly from the Logan Human Resources Director, who also needs to be seriously investigated by the EEOC. I ended up having to walk in the sun for hours since I could not afford a bus pass, I ended up not getting enough to eat, being Blacklisted by the HR Director and thus not procuring employment until January 2004, even though I was actively searching for employment and going on job interviews. To this day, I do not receive references from Ms. Coming and need to explain this to prospective employees.

I am requesting and insisting on a response sent to this letters via certified mail by January 10, 2007. Please mail a response to: P.O. Box 424886, San Francisco, Ca 94142. E-mail: rocioevans@yahoo.com. Please feel free to ask any further additional questions of me by e-mail.

Cc: Los Angeles EEOC Director

Jane Rocio Evans MFT

Respectfully, Ms. Jane Rocio Evans,
Licensed Marriage, Family Therapist

December 19, 2007

To Raul Green
Equal Employment Opportunity Commission,
Wells Fargo Building
401 B. Street, Suite 510
San Diego, CA 92101

Re: Charge Number: 488200700749
Jane Rocio Evans vs. Logan Heights Family Health Center

Cc: Joyce Cooper, Director

Sent by fax on December 19, 2007

I received your voice mail this week left on December 17, 2007, requesting that I telephone you in order to answer some questions. I would be more than happy to do so, please e-mail me these questions at at: rocioevans@yahoo.com, and I will respond to them by e-mail. I consulted today with Michelle Nardella at the San Francisco EEOC regarding this matter and she said it was acceptable for me to request that this communication be through e-mail. Some of the EEOC investigators in San Francisco communicate with clients through e-mail. I am requesting and insisting on this form of communication at this time, for purposes of clarity.

Respectfully,

Jane Rocio Evans, MFT

Ms. Jane Rocio Evans,
Licensed Marriage, Family Therapist

**RAVENSWOOD CITY SCHOOL DISTRICT**
Mailing Address: 2120 Euclid Avenue, East Palo Alto, CA 94303
Phone #: (650) 329-2800 – Fax #: (650) 323-1072
**Substitute Line - Phone #: (650) 323-9418**

15 June 2007

To Whom It May Concern:

I am writing this letter in order to provide a reference for Ms. Rocio Evans, M.A., MFT, who is currently seeking employment as a licensed Marriage and Family Therapist with your organization. I have known Ms. Evans for about seven years now, having first worked with her as a bilingual and group therapist from early 2000 until the end of 2002. During the time I was employed as a licensed MFT at the Spring Valley branch of Family Health Centers of San Diego (FHC), and was introduced to Ms. Evans, an MFT intern at that time, in the context of group supervision and regularly scheduled staff meetings in the organization. I have actively cooperated with Rocio in the preparation of her licensing exams during that time, as well as during clinical consultations for specific cases that she was assigned to during those years.

In this context, I have been able to form a thoroughly positive impression about the qualities of Ms. Evans' clinical skills as both a group and individual therapist. I have further been able to witness her many apparent personal as well as interpersonal skills, during multiple staff and supervision meetings and case consultations, where she often served as a team leader and resource therapist with specific areas of expertise beyond the scope of other therapists of similar training. These included Rocio's ability to provide therapy and groups in Spanish to our many bilingual clients, as well as conduct both trainings and therapy sessions also involving Sandtray therapy, which she diligently pursued as one of her therapeutic specializations through additional coursework and supervision.

Through her clinical skills and respectful manner, as well as her friendliness and manifest personal skills, Ms. Evans finds it easy to relate to and build rapport with both her coworkers and the clients whom she serves as a licensed bilingual therapist. During her time at FHC, I have known Rocio to always being active and highly productive, in regard to both the quantity of her caseload in individual and group therapy, as well as in the high quality and ethical, effective delivery of therapeutic services and interventions. Ms. Evans has consistently been known to being able to provide the most appropriate services for her clients and groups, and serve both our English-only and bilingual clients at FHC in a professional manner throughout her tenure at that organization.

I was always aware that Rocio Evans performed as an effective team player at FHC, maintaining appropriate friendships and cordial relations with her fellow interns, staff, and employees. Among her peers, she was frequently sought out as a respected voice in personal and professional matters, providing a focal point for an intern group that was generally characterized by a supportive and helpful atmosphere. Ms. Evans's work and good standing at Family Health Centers of San Diego was distinguished further through a generous grant she received from the organization, allowing her to provide therapeutic materials and support for her training in Sandtray Therapy, including a specialized conference in Portland, OR, which overall constituted a highly unusual

acknowledgment of professional and personal merits, especially for the pre-licensed intern therapist she was at the time.

Throughout the years that I have known Ms. Evans, she has been an exemplary and most helpful colleague to me, always eager to share her resources and expertise with others. She was a well-liked intern at the Logan Heights branch of FHC in San Diego of long-term good standing. I have known Ms. Evans to consistently provide therapy and consultations at the very high levels of her clinical and personal skills. In addition to her specialization in Sandtray and Play Therapy with children and school-age clients, she has demonstrated further strengths in working with diverse client populations, groups and individuals impacted by domestic violence, abuse, and other manifestations of traumatic exposure leading to depression, anxiety, and adjustment disorders. Most recently, Ms. Evans has successfully worked in the field of substance abuse treatment, by providing both group and individual therapy at a non-profit organization in San Francisco specializing in these areas.

In my opinion and that of the many other professionals that I have worked with at FHC, Ms. Evans has always done an outstanding job responding to the high levels of need of those seeking her expertise as a therapist, while also managing a demanding work assignment. Going above and beyond the call of her tasks, Rocio appeared to never mind being of assistance to our clients and professional colleagues. She does seem to genuinely enjoy working with others, so that her assistance has been appreciated by everyone who had professional contact with her as a therapist and counselor. Through her patience and tact as well as her multiple linguistic and intercultural skills, Ms. Evans relates and works well with others, including individuals from a wide range of backgrounds.

I am therefore very confident that Ms. Evans would be able to make a strong and constructive contribution to your or any other organization that seeks a dedicated and exceptional therapist to fulfill those functions. I recommend Ms. Evans to you most highly and without any reservations whatsoever, as a Marriage and Family Therapist of exceptional skills and qualifications, whom I have known to demonstrate a consistently high level of clinical skills and commitment to her work with both clients and colleagues. Please do not hesitate to contact me if I should be able to provide any further information.

Sincerely yours,

Anka Gleber, Ph.D., MFT #38404
Ravenswood City School District

WALDEN HOUSE, INC.

# EMPLOYEE PERFORMANCE EVALUATION

EVALUATION DATE: 3/16/05  EMPLOYEE NAME: Rocio Evans

HIRE DATE: 12-4-03  POSITION: M.H. Therapist

SECTION 1 – GENERAL PERFORMANCE RATING:

1 = POOR  2 = SUBSTANDARD  3 = STANDARD  4 = ABOVE AVERAGE  5= SUPERIOR

| AREA | RATING 1 | 2 | 3 | 4 | 5 | NOT APPLICABLE |
|---|---|---|---|---|---|---|
| **QUALITY OF WORK** Performance in meeting established standards accurately and effectively. | | | | | ✓ | |
| **QUANTITY OF WORK** Output of satisfactory work, efforts to improve effectiveness/efficiency. | | | | | ✓ | |
| **JOB KNOWLEDGE** Adequacy of all aspects of job and related self-development. | | | | ✓ | | |
| **INITIATIVE** Ability to work without supervision; resourcefulness. | | | | | ✓ | |
| **WORK ATTITUDE** Enthusiasm and interest in work. | | | | | ✓ | |
| **COOPERATION AND TEAM SPIRIT** Ability to work in harmony and effect on agency morale. | | | | | ✓ | |
| **ATTENDANCE** Regularity of attendance and punctuality. | | | | | ✓ | |
| **DEPENDABILITY** Acceptance of responsibility, follow through of assigned tasks. | | | | | ✓ | |
| **JUDGMENT** Correctness of decisions and logic; exercising discretion. | | | | ✓ | | |
| **LEARNING ABILITY** Speed and thoroughness of familiarizing, learning new tasks. | | | | | ✓ | |
| **WORK HABITS** Organization, thoroughness, timeliness and neatness. | | | ✓ | | | |
| **LEADERSHIP AND MANAGEMENT** (If applicable) Ability to guide and direct subordinates and manage resources. | | | NA | | | |
| **TOTAL checks in each column:** | | | 1 | 2 | 8 | **Do not count checks in this column** |
| **Multiply score for each column:** | **X1** | **X2** | **X3** | **X4** | **X5** | |
| **TOTAL ratings for each column and add them up:** | | | 1 | 8 | 40 | **Total →** 49 |

| | |
|---|---|
| **Divided by the number of checks:** | 11 |
| **Total score:** | 4.45 |

## SECTION 2 – NARRATIVE

GENERAL COMMENTS: Rocio is an exceptional staff member who has been able to come to clinical tasks c̄ training, and effectiveness that has helped build a stronger Mental Health team

B. SUCCESS IN FOLLOWING MONTHLY PROGRESS REPORT RECOMMENDATIONS: Rocio responds effectively and promptly

C. OVERALL EMPLOYEE GROWTH AND STRENGTHS: learning more about Health Education c̄ this population. Being able to facilitate 2 very needed support therapy groups.

D. AREAS NEEDING IMPROVEMENT: learning to "speak up more" and give voice to your experience and specialty clinical skills.

E. FURTHER TRAINING REQUIREMENTS: Continue as career needs warrant.

## SECTION 3 – EMPLOYEE RESPONSE

This evaluation has been reviewed and discussed with me. I understand the ratings, and I understand that I need not necessarily agree or disagree. My comments are as follows:

I appreciate Frank Gher's efforts to support my growth and progress in Walden House.

EMPLOYEE SIGNATURE: Rocio [signature], MFT DATE: 3-16-05

SUPERVISOR SIGNATURE: Frank C. Gehr [signature] DATE: 3/16/05

JOHN F. KENNEDY UNIVERSITY

Name: Rocio Evans
PMB 103
1071 6th Ave
San Diego, CA 92101-5299
Program: Certificate in
Expressive Arts
Emphasis:

Social Security #: 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

Place of Birth: Mexico City

Program:

Emphasis:

Student ID: 6[illegible]43

---

--- Transfer Credits ---

| | | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|---|
| BA | San Diego State University 5/1993 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.000 |
| MA | Lesley College 1/1995 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.000 |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.000 |
| cum | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.000 |

--- Spring Quarter 1997 ---

| | | | |
|---|---|---|---|
| PSY56[illegible] | Ethics and the Law | 3.00 | W |
| PSY5740 | Theory and Practice of Expressive Arts Camps | 3.00 | CR |
| PSY9004 | Human Sexuality Workshop | 0.00 | CR |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 6.00 | 3.00 | 3.00 | 0.00 | 0.00 | 0.000 |
| cum | 6.00 | 3.00 | 3.00 | 0.00 | 0.00 | 0.000 |

--- Spring Quarter 1998 ---

| | | | |
|---|---|---|---|
| PSY5156 | Systemic Theory and Family Therapy A | 3.00 | CR |
| PSY5760 | Expressive Arts Therapy: The Creative Process | 3.00 | CR |
| PSY9000 | Child Abuse Assessment, Reporting and Treatment | 0.00 | CR |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 6.00 | 6.00 | 6.00 | 0.00 | 0.00 | 0.000 |
| cum | 12.00 | 9.00 | 9.00 | 0.00 | 0.00 | 0.000 |

--- Summer Quarter 1998 ---

| | | | |
|---|---|---|---|
| PSY5157 | Systemic Theory and Family Therapy B | 3.00 | CR |
| PSY5179 | Basic Addiction Studies | 3.00 | CR |
| PSY5764 | Seminar in Expressive Arts Therapy: Poetry Therapy | 2.00 | CR |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.000 |
| cum | 20.00 | 17.00 | 17.00 | 0.00 | 0.00 | 0.000 |

--- Fall Quarter 1998 ---

| | | | |
|---|---|---|---|
| PSY5158 | Special Issues in Family Development: Structural Perspective | 3.00 | CR |
| PSY5305 | Child and Adolescent Treatment | 3.00 | CR |
| PSY5764 | Seminar in Expressive Arts Therapy: Mask Making | 1.00 | CR |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 7.00 | 7.00 | 7.00 | 0.00 | 0.00 | 0.000 |
| cum | 27.00 | 24.00 | 24.00 | 0.00 | 0.00 | 0.000 |

--- Winter Quarter 1999 ---

| | | | |
|---|---|---|---|
| PSY5247 | Clinical Case Seminar: | 3.00 | CR |
| PSY5302 | Sand Tray and Sandplay Therapy | 2.00 | CR |
| PSY5635 | Ethics and the Law | 3.00 | A+ |
| PSY9050 | Certificate Field Placement: Expressive Arts Therapy | 0.00 | NC |

| | attempt | earn | pass | quality | points | gpa |
|---|---|---|---|---|---|---|
| ses | 8.00 | 8.00 | 5.00 | 3.00 | 12.00 | 4.000 |
| cum | 35.00 | 32.00 | 29.00 | 3.00 | 12.00 | 4.000 |

Sandra L. Lee
Office of the Registrar 09/10/99

A BLACK & WHITE DOCUMENT IS NOT OFFICIAL · AUTHENTIC DOCUMENT IS NOT OFFICIAL

LESLEY

Cambridge, Massachusetts 02138-2790

06/27/96

Ms. Rocio Evans
21 Hews, Apt. 3
Cambridge, MA 02139

PAGE 1 OF 1

STUDENT NUMBER: 0193850 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

DATE ADMITTED: 93/U1

DEGREE: MAC Master of Arts in Counseling Psychology REQUIREMENTS COMPLETED: 06/19/95 CONFERRED: 11/17/95
PROGRAM: LM Graduate School of Arts & Social Sciences Master
LOCATION: MC Main Campus
MAJOR: 3600 Counseling Psychology

MINOR:

SPECIALIZATION:

CERTIFICATION:

SECONDARY SCHOOL:
GRADUATION YEAR:

UNDERGRADUATE INSTITUTION: SAN DIEGO STATE UNIVERSITY
DEGREE CONFERRED: Bachelor of Arts
DATE CONFERRED: 5/93

| TERM | COURSE NUMBER | | COURSE TITLE | CREDITS | GRADE |
|---|---|---|---|---|---|
| | | | ACADEMIC YEAR 1992-93 | | |
| 93/U1 | GPSYC 6200 | 01 | Orientation/Professional Psychology | 2.00 | P |
| | | | ACADEMIC YEAR 1993-94 | | |
| 93/FA | GPSYC 6026 | 03 | Developmental Psychology Across the Lifespan | 3.00 | A- |
| 93/FA | GPSYC 6027 | 04 | Clinical Skills and the Counseling Process | 3.00 | P |
| 93/FA | GPSYC 6201 | 01 | Issues and Standards in Professional Psychology | 3.00 | A- |
| 93/FA | GPSYC 6300 | 01 | Theories of Holistic Counseling and Psychotherapy I | 3.00 | A |
| 94/SP | GPSYC 6007 | J1 | Psychopathology | 3.00 | B |
| 94/SP | GPSYC 6015 | 03 | Group Dynamics | 3.00 | P |
| 94/SP | GPSYC 6301 | 01 | Theories of Holistic Counseling and Psychotherapy II | 3.00 | A |
| 94/SP | GPSYC 6305 | 01 | Counseling and Spirituality | 3.00 | A |
| | | | ACADEMIC YEAR 1994-95 | | |
| 94/FA | GEXTH 6302 | 01 | Training Workshop in Psychodrama | 3.00 | P |
| 94/FA | GPSYC 6029 | 01 | Vocational Development and Career Counseling | 3.00 | B+ |
| 94/FA | GPSYC 6101 | 01 | Research Design & Program Evaluation | 3.00 | A- |
| 94/FA | GPSYC 7710 | 09 | Clinical Practice & Supervision I: Clinical Setting | 3.00 | P |
| 95/SP | GPSYC 7100 | 01 | Biological Bases of Behavior | 3.00 | B |
| 95/SP | GPSYC 6030 | 02 | Gender, Race & Ethnicity in Counseling | 3.00 | A |
| 95/SP | GPSYC 6205 | 01 | Assessments for Counseling and Psychology: Adults | 3.00 | A |
| 95/SP | GPSYC 6211 | 01 | Professional Integrative Seminar | 1.00 | P |
| 95/SP | GPSYC 7711 | 09 | Clinical Practice & Supervision II: Clinical Setting | 3.00 | P |

CUMULATIVE CREDIT: CRED ATT 51.00 CRED CMPLT 51.00 CRED CALC 33.00 GRADE PTS 121.20 GPA 3.67

END OF TRANSCRIPT

COPY

**J. Rocio Evans, MFT**
**License Number: 40689**
***Resume***

**Personal**

P.O. Box 424886
San Francisco, CA 94142
Cell phone 415) 336-3547
E-mail: rocioevans@yahoo.com

**Relevant Skills**

Creative thinker, capable of finding innovative angles, perspectives and approaches to issues. Expresses thought provoking ideas beautifully and articulately. Insightful and perceptive, brings qualities of keen awareness and practicality to work. Natural authority, comfortable initiating action and motivating others. Ability to accept responsibility, sensitivity to needs of others.

**Education**

November 1995 Master of Arts, Counseling Psychology
Lesley College
Cambridge, Massachusetts

May 1993 Bachelor of Arts
Major, Women's Studies, Graduated with Distinction
Major, Psychology
San Diego State University

December 1999 Certificate in Expressive Arts Therapies
John F. Kennedy University
Completed courses in Sandtray/Sandplay
Mask Making, Poetry Therapy

November 2006 Completed courses in Play Therapy
University of California, San Diego Extension Studies
Play Diagnosis, Toys and their uses
Nondirective Play Therapy, Filial Therapy
Psychodynamic Play Therapy

**Foreign Language**

Bilingual/Bicultural in Spanish/English

FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** Jane Rocío Evans
P.O. Box 424886
San Francisco, CA. 94142

**DEFENDANTS** Logan Heights Family ...
1809 National Avenue
San Diego, CA. 92113

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Francisco, CA.
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego, CA.
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
None at this Time

**ATTORNEYS (IF KNOWN)**
Unknown

08 CV 315 DMS (LSP)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1U.S. Government Plaintiff
- [X] 3Federal Question (U.S. Government Not a Party)
- 2U.S. Government Defendant
- 4Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Title VII Violations, Lockout, unlawful termination, Intentional Defamation and slander of professional Reputation by Defendant. Failure to investigate civil (Retaliation due to whistleblowing. Right Violations, Discrimination by Auditing of medical charts.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS – PERSONAL INJURY | TORTS – PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | 310 Airplane | 362 Personal Injury- Medical Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | **PERSONAL PROPERTY** | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment &Enforcement of Judgment | 340 Marine | 370 Other Fraud | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 345 Marine Product Liability | 371 Truth in Lending | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 350 Motor Vehicle | 380 Other Personal Property Damage | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153Recovery of Overpayment of Veterans Benefits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | 690 Other | 861 HIA (13958) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 360 Other Personal Injury | | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | | | 710Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| | | | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| | | | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | 950 Constitutionality of State |
| | | | | | 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus |
| 220 Foreclosure | [X] 442 Employment | 530 General |
| 230 Rent Lease & Ejectmant | 443 Housing/Accommodations | 535 Death Penalty |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights |
| 290 All Other Real Property | | 555 Prisoner Conditions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- [X] 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appelate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND** $ $350,000
Check YES only if demanded in complaint:
**JURY DEMAND:** (YES) NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 2-15-08 SIGNATURE OF ATTORNEY OF RECORD Jane Rocío Evans

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)