# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JANE ROCIO EVANS,

Plaintiff,

vs.

LOGAN HEIGHTS FAMILY HEALTH CENTER,

Defendant.

CASE NO. 08CV0315

**ORDER GRANTING LEAVE TO FILE IN FORMA PAUPERIS AND DENYING MOTION TO APPOINT COUNSEL**

[Docs. 2 & 3]

Plaintiff has applied for leave to file *in forma pauperis* and for appointment of counsel. After careful consideration, leave to file *in forma pauperis* is granted, and appointment of counsel is denied.

The Court may authorize the commencement of any suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. 1915(a)(1). Plaintiff indicated in her application to proceed *in forma pauperis* that she was last employed in June, 2007, at which time she earned $3,685 per month gross income. Between July 2007- November 2007, Plaintiff collected food stamp benefits of approximately $145 per month, and Employment Development Department (EDD) benefits. In 2007, she received a total of $15,052 in wages, $300 in welfare benefits, and $7,000 in EDD benefits.

Plaintiff's financial situation has declined substantially since 2007. She continues to receive $516 every two weeks in EDD benefits and has no dependents. However, she does not own a car or

real property, and is not currently employed. She has no savings, and her checking account is overdrawn $389.00. It therefore appears Plaintiff is currently unable to pay the filing fee. Leave to proceed *in forma pauperis* is therefore granted.

Plaintiff also requests appointment of counsel, which the Court has discretion to grant "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). "Three factors have emerged as relevant to the exercise of the district court's discretion under this broad statutory mandate. The court is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Here, Plaintiff has not attached a copy of a Notice-of-Right-to-Sue-Letter as required by the application. Accordingly, she has failed to make the requisite showing that her claim is meritorious. Moreover, she has not spoken with any attorneys about handling her claim, and therefore has not demonstrated that she made a reasonably diligent effort to obtain counsel. For these reasons, the motion to appoint counsel is denied.

**IT IS SO ORDERED.**

DATED: February 28, 2008

HON. DANA M. SABRAW
United States District Judge