Jennifer A. Kearns (SBN 125588)
Courtney L. Bunt (SBN 234410)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: jkearns@duanemorris.com
clbunt@duanemorris.com
Attorneys for Defendant LOGAN HEIGHTS FAMILY HEALTH CENTER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROCIO EVANS,<br><br>Plaintiff,<br><br>v.<br><br>LOGAN HEIGHTS FAMILY HEALTH CENTER,<br><br>Defendant. | Case No.: 08 CV 0315 DMS LSP<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>**[F.R.C.P. 12(b)(6)]**<br><br>Date: September 5, 2008<br>Time: 1:30 p.m.<br>Crtm: 10<br>Judge: Hon. Dana M. Sabraw<br>Complaint Filed: February 19, 2008 |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Logan Heights Family Health Center submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint on the ground that Plaintiff fails to state a claim upon which relief can be granted because all her claims are statutorily time barred.

## I. INTRODUCTION

This is an action brought by a former employee of Logan Heights Family Health Center under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq*. ("Title VII"). Plaintiff Jane Rocio Evans ("Plaintiff") filed a *pro se* Complaint against Defendant Logan Heights Family Center ("Defendant") alleging that Defendant discriminated against her based on national origin and retaliation in violation of the Title VII. The alleged discrimination occurred sometime between

September 1, 2001 – October 11, 2002. (*See*, Declaration of Courtney L. Bunt ["Bunt Decl."], filed concurrently herewith, ¶ 2, Exhibit "A".) The last alleged discriminatory act occurred on October 11, 2002. (Complaint, pg. 1; Bunt Decl. at ¶ 2, Exhibit "A".)

More than five years after the last alleged discriminatory act occurred, Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed the Charge because it was not timely filed. (Bunt Decl. at ¶ 3, Exhibit "B".) Thereafter, Plaintiff filed this action alleging identical claims as those set forth in the Charge.

As discussed more fully below, Defendant now moves to dismiss Plaintiff's Complaint, with prejudice and without leave to amend, because all of the claims asserted therein are statutorily time barred. Defendant submits that Plaintiff cannot cure the statutory time bar by amendment because she has not, and cannot, allege any acts of discrimination by Defendant which occurred within the statute of limitations.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she was employed by Defendant, as a Marriage Family Therapist, from May 27, 2000 through October 11, 2002. (Bunt Decl. at ¶ 2, Exhibit "A".) Plaintiff claims that during her employment Defendant retaliated and racially discriminated against her. (Complaint, pgs. 1-3.) Plaintiff alleges that she was "locked out" and terminated by Defendant on October 11, 2002. (Complaint, pg. 1.)

On October 15, 2007, more than five years after Plaintiff was terminated, she filed the Charge with the EEOC. (Bunt Decl. at ¶ 2, Exhibit "A".) On or about November 23, 2007, the EEOC notified Plaintiff that it was closing its file because the Charge was not timely filed. (Bunt Decl. at ¶ 3, Exhibit "B".) On or about February 19, 2008, Plaintiff filed this Title VII action.

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations

omitted). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In deciding a motion to dismiss, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See, Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002). Review is limited to the content of the complaint, including any attached exhibits. *Parks School of Bus. Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## IV. LEGAL ARGUMENT

### A. Plaintiff's Complaint Must Be Dismissed Because All of Plaintiff's Claims Are Time Barred.

To properly file suit under Title VII, a plaintiff must first exhaust the administrative remedies available under 42 U.S.C. § 2000e-5. *See, Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Prior to filing a judicial action under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory employment practice. *AMTRAK v. Morgan,* 536 U.S. 101, 109 (2002). A claim is time barred if it is not filed within this time limit. *Id.* ("shall" makes act of filing charge within specified period mandatory). "Limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks*, 449 U.S. 250, 256-257 (1980); *see also, Edelman v. Lynchburg College*, 535 U.S. 106, 113 (2002) ("[t]he point of the time limitation is to encourage a potential charging party to raise a discrimination claim before it gets stale, for the sake of a reliable result and a speedy end to any illegal practice that proves out.")

Under Title VII, the limitations period begins to run on the date that the alleged unlawful employment practice occurs. 42 U.S.C. § 2000e-5(e)(1). In *Delaware State College v. Ricks*, *supra*, 449 U.S. at 257-259, the United Supreme Court held that determining the timeliness of an EEOC charge requires identification of the unlawful employment practice complained of and the date on which the charging party was notified of its occurrence. In *Ricks*, the Court found that the unlawful employment practice was the decision not to grant plaintiff tenure, rather than the date one year later

when his employment was terminated, because the eventual termination was an inevitable consequence of the denial of tenure. *Id.* at 257. Thus, the Court held that the limitations period began on the date plaintiff was notified of the decision to deny him tenure. *Id.* at 257-259.

Here, Plaintiff's Complaint, on its face, reveals that all of Plaintiff's claims are time barred. Plaintiff filed the Charge with the EEOC on or about October 10, 2007. Accordingly, she can only challenge alleged acts by Defendant which occurred on or after December 14, 2006 – *i.e.*, within 300 days of filing the Charge. All of the conduct alleged in the Complaint occurred prior to December 14, 2006.

Plaintiff alleges that the discriminatory acts occurred sometime between September 1, 2001 and October 11, 2002. (Bunt Decl. at ¶ 2, Exhibit "A".) Plaintiff further alleges that the last occurrence of alleged discrimination occurred on October 11, 2002. (Bunt Decl. at ¶ 2, Exhibit "A".) As such, Plaintiff was required to file a Charge with the EEOC no later than August 7, 2003. Plaintiff, however, waited more than five years (**1830 days**) after the last alleged discriminatory act occurred to file the Charge. As such, the EEOC dismissed the Charge stating:

> "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

(Bunt Decl. at ¶ 3, Exhibit "B".)

Because Plaintiff failed to timely file her Charge she is barred from pursing her claims in federal court. Additionally, because a determination of this issue does not concern technical pleading standards, Plaintiff's *pro se* status does not lessen her obligation to file a timely EEOC charge. *See, e.g., Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (noting that, "[p]rocedural requirements established by Congress for gaining access to the Federal Courts are not to be disregarded by courts out of a vague sympathy for particular litigants.")

Dismissal, with prejudice and without leave to amend, is proper because Plaintiff cannot cure the statutory time bar by amendment. Plaintiff was terminated by Defendant on October 11, 2002 (Complaint, pg. 1.) Plaintiff has not, and Defendant submits that Plaintiff cannot, allege any discriminatory actions within the limitations period. The last alleged discriminatory act occurred in October 2002, far beyond the limitations period.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court dismiss, with prejudice, Plaintiff's Complaint as all of her claims are time barred.

Dated: July 25, 2008

**DUANE MORRIS LLP**

By: /s/ Jennifer A. Kearns
Jennifer A. Kearns
Courtney L. Bunt
Attorneys for Defendant
LOGAN HEIGHTS FAMILY HEALTH CENTER