Jennifer A. Kearns (SBN 125588)
John P. Cooley (SBN 162955)
Courtney L. Bunt (SBN 234410)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: jkearns@duanemorris.com
jpcooley@duanemorris.com
clbunt@duanemorris.com
Attorneys for Defendant LOGAN HEIGHTS FAMILY HEALTH CENTER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROCIO EVANS,<br>Plaintiff,<br>v.<br>LOGAN HEIGHTS FAMILY HEALTH CENTER,<br>Defendant. | Case No.: 08 CV 0315 DMS LSP<br>**DEFENDANT'S AMENDED REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**<br>Date: September 5, 2008<br>Time: 1:00 p.m.<br>Ctrm: 10<br>Judge: Dana M. Sabraw<br>Complaint Filed: February 19, 2008 |

Defendant Logan Heights Family Health Center ("Defendant") respectfully submits the following Amended Reply[1] in Support of its Motion to Dismiss the Complaint.

## I. INTRODUCTION

Plaintiff Jane Rocio Evans' ("Plaintiff" or "Evans") Opposition establishes her failure to state a claim upon which relief can be granted because all her claims are statutorily time barred. In an attempt to stave off dismissal, Evans argues that equitable principles should excuse her failure to timely exhaust her administrative remedies. Evans' argument is without merit. For equity to excuse a plaintiff's failure to exhaust his administrative remedies, the plaintiff must show that: (1) he was

[1] Defendant filed its Reply on August 27, 2008, stating that it had no further argument in support of its Motion because Plaintiff had failed to file an Opposition. Subsequently, Plaintiff filed an untimely Opposition which the Court approved for filing and will consider in ruling on this Motion. Therefore, Defendant submits the following Amended Reply pursuant to the Court's September 8, 2008 Order.

diligent in pursuing his claim, (2) he was misled by the administrative agency, (3) he relied on the misrepresentation, and (4) he was not represented by counsel. As set forth below, Evans has failed to meet three of the four requirements necessary to invoke the doctrine of equitable excuse. Even assuming that equity was to excuse Evans' untimely Charge with the EEOC, her Complaint is still time barred because she waited more than 7 years to file her lawsuit. Based on Evans' inability to establish that her claims have the requisite legal sufficiency to survive a Motion to Dismiss, Defendant requests that its Motion to Dismiss be granted in its entirety.

## II. ARGUMENT

### A. The Court Should Not Consider New and Additional Facts or Any Extrinsic Evidence in Ruling on Defendant's Motion to Dismiss.

Evans' seventy-nine page Opposition is replete with extraneous allegations and contains numerous exhibits which are not part of her Complaint. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the *complaint*. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) (emphasis added). Therefore, a court's inquiry in ruling on a dismissal motion is limited to the content of the complaint, exhibits attached thereto, and matters of public record. *Pension Benefit Guar. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (9th Cir. 1993). New facts alleged in a plaintiff's opposition papers are irrelevant for Rule 12(b)(6) purposes and must not be considered. *Schneider v. Cal. Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See*, *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). As such, the Court should disregard any new or additional allegations in Evans' Opposition and the exhibits attached thereto as they are not part of Evans' Complaint.

### B. Plaintiff's Failure to Timely File an Administrative Complaint Is Not Excused By Equitable Excuse.

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). To invoke an equitable exception to the timely exhaustion of an administrative remedy, the plaintiff has the burden of establishing: (1) diligence in pursing the claim, (2) the receipt of misinformation from the administrative agency, (3) reliance on the

misinformation that causes a failure to timely exhaust administrative remedies, and (4) *pro se* representation. *Rodriguez v. Airborne*, 265 F.3d 890, 901-902 (9th Cir. 2001). Evans cannot meet this burden as she fails to establish three of the four factors cited by the *Rodriguez* court for the application of an equitable exception.

1. <u>Lack of Diligence Precludes the Application of an Equitable Exception</u>.

Diligence is required for the successful invocation of virtually any equitable doctrine. *See*, *Baldwin County Welcome Ctr. V. Brown*, 466 U.S. 147, 151-152 (1984) ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"; finding that a *pro se* plaintiff can forfeit his rights if he sleeps on them). Evans claims that she went to the San Diego EEOC in or about December 2002 and met with an EEOC intake worker. Evans, however, fails to provide ***any*** admissible evidence of her alleged contact with the EEOC in 2002 or 2003. In fact, the EEOC has no record of any contact from her in 2002 or 2003. In a letter from the EEOC to Evans dated January 10, 2008, the EEOC specifically states "[w]e have no record of any efforts that you may have made in 2002 or 2003 to file an EEOC charge of administration . . . [w]e have no record that you ever filed a charge except for the above-referenced charge, which you filed on October 10, 2007. (*See* Defendant's Request for Judicial Notice, Ex. "A".) Additionally, Evans claims that she sent a letter to Defendant in 2003 stating that she had been to the EEOC and the EEOC rejected her case; however, she fails to provide a copy of the alleged letter.

Even assuming that Evans went to the EEOC in 2002 or 2003, she was clearly not diligent in pursuing her claim. There is ***no*** evidence that she ever filed a Charge, followed-up with the EEOC or took ***any*** other action whatsoever to pursue her claim. Rather, she sat on her rights for years and finally in 2007 (more than 5 years after the alleged discrimination occurred) filed her Charge. As explained in Defendant's moving papers, the EEOC dismissed her Charge because it was untimely.

Evans' reliance on *Holland v. Union Pacific Railroad Co.* (2007) 154 Cal.App.4th 940, is misplaced as *Holland* is not controlling or dispositive. Because Evans' Title VII claim involves a federal statute, federal law governs. *See, Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 926 F.2d 959, 961 (10th Cir. 1991) ("When Congress has provided a federal statute of limitations for a federal

claim, however, state tolling and saving provisions are not applicable."). Even if *Holland* was controlling, it is clearly distinguishable. In *Holland*, the court found that application of equitable excuse was proper because plaintiff diligently pursued his claim, he established a misrepresentation by the administrative agency about the timeliness of this claim which he relied on, and his claim was only a few days tardy. As set forth above, Evans failed to diligently pursue her claim and her Charge was more than five ***years*** late.

Given that there is ***no*** evidence that Evans contacted the EEOC in 2002 or 2003 or that she diligently pursued her claim, her argument that equity should apply in this case would eviscerate the statute of limitations. As the Supreme Court recently explained:

> Statutes of limitations serve a policy of repose. They represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them . . .
>
> * * *
>
> The EEOC filing deadline 'protect[s] employers from the burden of defending claims arising from employment decisions that are long past. Certainly, the 180-day EEOC charging deadline, 42 U.S.C. § 2000e-5(e)(1), is short by any measure, but by choosing what are obviously short deadlines, Congress clearly intended to endorse the prompt processing of all charges of employment discrimination . . . experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law. By operation of §§ 2000e-5(e)(1) and 2000e-5(f)(1), a Title VII claim is time barred if it is not filed within these time limits . . . [internal citations omitted].

*Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2170-2176 (2007).

Even viewed in the most generous light, Evans' conduct amounts to excusable neglect, which does not justify the application of equitable principles to save long-stale claims. *See, Irwin, supra,* 98 U.S. at 96.

2. <u>There Is No Admissible Evidence That Plaintiff Was Misled By the EEOC or Relied on the Alleged Misrepresentation</u>.

Evans claims that she was misled by the EEOC about the viability of her alleged claims against Defendant. Again, Evans has not presented ***any*** admissible evidence that she was in fact misled by the EEOC or that she relied on the alleged misrepresentation in not pursuing her claim.

Assuming, *arguendo*, that Evans' allegation that she was misled is true, the statutory scheme does not contemplate that there is no limitations period if the EEOC were to violate its legal and ministerial duties. The EEOC's failure to follow the law cannot be a basis to blow the lid off the statute of limitations and expose defendants to long-stale claims.

**C. Even if Plaintiff Had Timely Exhausted Her Administrative Remedies, Her 2008 Lawsuit Is Time-Barred.**

Assuming that Evans filed a timely Charge with the EEOC in 2002 (which she did not) her civil action is time-barred. If she had filed a Charge with the EEOC in 2002, she should have filed her Complaint within 90 days after her Charge was dismissed. Thus, even if Evans is credited with timely filing a Charge in 2002 her 2008 Complaint is time-barred.

**D. Plaintiff's *Pro Se* Status Is Irrelevant.**

The fact that Evans has not engaged counsel does not excuse her untimely filing under Title VII. In *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980), the United States Supreme Court refused to extend the limitations period contained in Title VII for a *pro se* plaintiff:

> In a statutory scheme in which Congress carefully prescribed a series of deadlines measured by numbers of days . . . we may not simply interject an additional period into the procedural scheme. We must respect the compromise in the words chosen by Congress. It is not our place to alter the balance struck by Congress in procedural statutes by favoring one side or the other in a matter of statutory construction.

*Id.* at 825-26.

The Supreme Court again held in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984), that *pro se* plaintiffs must strictly comply with all statutorily prescribed requirements for filing suit:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants . . . .

*Id.* at 152.

These cases make clear that a *pro se* plaintiff must adhere to all of the procedural requirements set forth in Title VII. Evans has no legal or equitable excuse for failing to timely file her Charge and has forfeited her right to pursue this action against Defendant. As such, Evans'

Complaint fails to state a claim upon which relief can be granted because all her claims are statutorily time barred.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss the Complaint in its entirety with prejudice to refilling.

Dated: September 15, 2008

**DUANE MORRIS LLP**

By: s/ Courtney L. Bunt
Jennifer A. Kearns
John P. Cooley
Courtney L. Bunt
Attorneys for Defendant, LOGAN HEIGHTS FAMILY HEALTH CENTER