Jennifer A. Kearns (SBN 125588)
John P. Cooley (SBN 162955)
Courtney L. Bunt (SBN 234410)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: jkearns@duanemorris.com
jpcooley@duanemorris.com
clbunt@duanemorris.com
Attorneys for Defendant LOGAN HEIGHTS FAMILY HEALTH CENTER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROCIO EVANS,<br>Plaintiff,<br>v.<br>LOGAN HEIGHTS FAMILY HEALTH CENTER,<br>Defendant. | Case No.: 08 CV 0315 DMS LSP<br><br>**REQUEST FOR JUDICIAL NOTICE OF DEFENDANT IN SUPPORT OF ITS REPLY TO ITS MOTION TO DISMISS THE COMPLAINT**<br><br>DATE: September 5, 2008<br>TIME: 1:00 p.m.<br>CTRM: 10<br>JUDGE: Dana M. Sabraw<br>Complaint Filed: February 19, 2008 |

Defendant Logan Heights Family Health Center ("Defendant") respectfully requests that this Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following document in support of Defendant's Motion to Dismiss the Complaint:

- The January 10, 2008 letter to Jane Rocio Evans from Olophius E. Derry, District Director of the United States Equal Employment Opportunity Commission ("EEOC"), Los Angeles District Office, a true and correct copy of which is attached hereto as Exhibit A.

Rule 201 authorizes and directs a court to take judicial notice of any fact if requested by a party and supplied with the necessary information, provided the fact is not subject to reasonable dispute and is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

be questioned. Fed. Rules of Evid., Rule 201(a), (b), (d), and (f). This authority allows the Court to take judicial notice of the letter from the EEOC.

The letter from the EEOC to Ms. Evans is subject to judicial notice. In *Gallo v. Board of Regents of the Univ. of California*, 916 F.Supp. 1005 (S.D. Cal. 1995), for example, the court considered both an EEOC right to sue letter and charge when addressing one of the defendants' claims. To allow for such consideration, the court cited, in part, its authority to take judicial notice of said letter and charge because the documents were public records. *Id.* at 1007-1008 (citing, in part, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *See also, Hamilton v. Summers*, 95 F.Supp.2d 908, 910 n.4 (N.D. Ill. 2000) (taking judicial notice of EEOC "Statement of Findings and Recommended Decision" pursuant to Rule 201 of the Federal Rules of Evidence)). Like the EEOC right to sue letter and charge, the January 10, 2008 correspondence from Olophius E. Derry, District Director of the EEOC, to Jane Rocio Evans is a public record, the facts of which are judicially noticeable.

For the reasons stated above, Rule 201 provides this Court with the authority to take judicial notice of the EEOC letter. Accordingly, Defendant respectfully requests that the Court take judicial notice of the January 10, 2008 EEOC letter.

Dated: September 15, 2008

**DUANE MORRIS LLP**

By: s/ Courtney L. Bunt
Jennifer A. Kearns
John P. Cooley
Courtney L. Bunt
Attorneys for Defendant, LOGAN HEIGHTS FAMILY HEALTH CENTER

# EXHIBIT "A"

Case 3:08-cv-00315-DMS-LSP Document 16 Filed 09/09/2008 Page 30 of 79

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Diego Local Office

401 B Street, Suite 510
San Diego, CA 92101
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
San Diego Status Line: (866) 408-8075
San Diego Direct Dial: (619) 557-7249
TTY (619) 557-5748
FAX (619) 557-7274

January 10, 2008

Jane Rocio Evans
P.O Box 424886
San Diego, CA 94142

Dear Ms. Evans:

This letter is in response to your letter dated December 28, 2007 concerning your charge of discrimination against Logan Heights Family Health Center which you filed with the San Diego Local Office of the EEOC. In your letter you ask the EEOC to re-open the investigation of your charge of discrimination, EEOC Charge No. 488-2007-00749, which you filed on October 10, 2007.

EEOC records show that on October 10, 2007 you filed the above-referenced EEOC charge of discrimination alleging that on or about October 11, 2002 you were escorted off the premises and "locked out" of your job at the Logan Heights Family Health Center for, among other things, protesting unfair treatment. You further allege that you were subjected to additional retaliation, the most recent which occurred in 2003, when you were investigated by San Diego Mental Health for alleged fraud. You indicate that you believe you were subjected to this treatment because of your national origin, Mexican and in retaliation for your opposition to discrimination.

Our records also show that on September 27, 2007 you provided information to the San Diego Local Office which was included in your file, in which you identified specific actions taken against you and some of your co-workers by the Logan Heights Family Health Center which you believe are discriminatory. You also identified witnesses and other possible victims to these actions.

You acknowledge that the alleged acts of discrimination occurred in 2002 and in 2003, but claim that the statute of limitations should not apply to you because of the serious nature of your claims and that you attempted to file your claims in a timely manner.

We have no record of any efforts that you may have made in 2002 or 2003 to file an EEOC charge of discrimination. We are unable to verify that you attempted to file a charge with EEOC in December of 2002 because paperwork for charge inquiries that do not become charges is only retained for a period of 90 days. Even so, the EEOC cannot proceed with an investigation unless it has a charge that was fully-filed and served on the employer. We have no record that you ever filed a charge except for the above-referenced charge, which you filed on October 10, 2007.

The EEOC is only authorized by statute to investigate and attempt to conciliate charges alleging discrimination as long as they are filed within 300 days of the alleged discriminatory act. The above-referenced charge was not filed within the time limit required by law; therefore we have no authority to investigate. Please note that the 300-day statute of limitations cannot be extended by the EEOC. The final determination letter you received explained your right to pursue the matter in court within 90 days of your receipt of the dismissal notice. If you do not file a lawsuit within the statutory 90-day period, your right to sue in the matter will expire and cannot be restored by the EEOC.

I hope this information is helpful to you and regret there is nothing further we can do to assist you.

Sincerely,

Olophius E. Perry, District Director
Los Angeles District Office